UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
PAULO VELASQUEZ,                                                          18 CV 6670 (LDH) (CLP)

                Plaintiff,                                                                AMENDED
                                                                                              COMPLAINT AND
   - against -                                                                       JURY TRIAL DEMAND

P.O. PATRICK HARLOFF, Shield No. 24029,
P.O. DAVID MEO, Shield No. 14381,
P.O. JONATHAN FREDA, Shield No. 00436,
SERGEANT EUNICE SHAFIDIYA, Shield No. 4929,
and THE CITY OF NEW YORK,

                Defendants.
---------------------------------------------------------------------X

       Plaintiff, PAULO VELASQUEZ, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

       1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

       2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

       3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

       4.    Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest and battery.

## VENUE

       5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

**JURY TRIAL DEMAND**

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

**PARTIES**

7. At all times relevant hereto, plaintiff, PAULO VELASQUEZ, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant P.O. PATRICK HARLOFF, Shield No. 24029 (hereinafter "HARLOFF") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. DAVID MEO, Shield No. 14381 (hereinafter "MEO") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. JONATHAN FREDA, Shield No. 00436, was and is a natural person, who was employed as a probationary police officer by the Police Department of defendant CITY OF NEW YORK as a police recruit at the time of the incident alleged.

11. At all times relevant hereto, defendant SERGEANT EUNICE SHAFIDIYA, Shield No. 4929 (hereinafter "SHAFIDIYA") was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

13. The individual defendants are sued in their individual capacities.

14. On or about November 21, 2017, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

15. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

16. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## (42 U.S.C. §1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18. Plaintiff is a retired New York City police officer.

19. Plaintiff retired from the New York City Police Department on three-quarters pay in September 2011 as a result of serious injuries to his cervical spine and right knee that he had received in the line of duty.

20. As a retired member of the New York City Police Department, plaintiff is lawfully permitted to own and carry a firearm.

21. On or about August 25, 2017, at approximately 2:00 P.M., plaintiff was lawfully present on 57th Road in the County of Queens, City and State of New York.

22. At the aforementioned time and place, plaintiff was teaching his eight-year-old son to ride a bicycle.

23. At the aforementioned time and place, a very large Rottweiler dog, who was on a leash, but was dragging his owner behind him, charged at plaintiff's son.

24. Plaintiff stood between his son and the aforementioned dog and placed his hand on his firearm, which was holstered on his waistband, under his shirt.

25. The dog's owner was able to gain control of the animal and plaintiff and his son went on their way.

26. Approximately twenty minutes after the aforementioned incident, plaintiff was in front of his house, which is located at 86-09 57th Road, Elmhurst, New York.

27. At the aforementioned time and place, two New York City police officers and two New York City probationary police officers, all assigned to the 110th Precinct, arrived in front of plaintiff's house.

28. The aforementioned persons were defendants HARLOFF, MEO, FREDA and P.O. Joseph Tarpey, Shield No. 13499, who is not a defendant hereto.

29. Defendant HARLOFF walked right over to plaintiff, roughly put his hands on him, removed plaintiff's firearm from its holster and threw it onto the ground.

30. Plaintiff informed defendant HARLOFF that he was a retired New York City police officer and that he had his ID in his left pocket.

31. However, before defendant HARLOFF looked at plaintiff's ID, defendants MEO and FREDA went behind plaintiff and roughly grabbed his left and right arms.

32. Defendants MEO and FREDA rear-handcuffed plaintiff very tightly.

33. Shortly thereafter, defendant SHAFIDIYA arrived at the scene.

34. Plaintiff remained standing in his driveway, rear-handcuffed, with both of his arms being held by defendants MEO and FREDA, for a total time of approximately twenty minutes.

35. During the time that plaintiff was standing in his driveway, he attempted to speak with defendant SHAFIDIYA.

36. However, defendant SHAFIDIYA would not speak to plaintiff.

37. After plaintiff attempted to speak with defendant SHAFIDIYA, defendants MEO and FREDA pulled plaintiff by his arms, pushed him against a neighbor's fence and house, and then brought him down to the ground, all while plaintiff was still rear-handcuffed.

38. Plaintiff was then brought to stand at the front of his house.

39. While plaintiff was in front of his house, he requested that an ambulance be called.

40. Defendants MEO and FREDA removed plaintiff's handcuffs and front-cuffed him.

41. After another two minutes had passed, defendant SHAFIDIYA told plaintiff he was free to go and plaintiff's handcuffs were removed.

42. Plaintiff requested that his cell phone, driver's license, pistol license and firearm be returned to him.

43. Defendant SHAFIDIYA gave plaintiff his cell phone, but told him he would have to come to the stationhouse of the 110th Precinct and help her fill out paperwork before his other property was returned to him.

44. Plaintiff refused to go to the precinct because he was not under arrest and because he believed he had no obligation to assist defendant SHAFIDIYA in filling out her paperwork.

45. Approximately one half hour after the handcuffs were removed from plaintiff, an ambulance arrived at the scene and plaintiff was transported to New York-Presbyterian Hospital/Queens.

46. After plaintiff was examined and treated at New York-Presbyterian Hospital/Queens, defendant SHAFIDIYA arrived at the hospital with several other police officers, including defendant HARLOFF.

47. Defendant HARLOFF, acting pursuant to the direction of defendant SHAFIDIYA, falsely and maliciously placed plaintiff under arrest, charging him with three counts of disorderly conduct, obstructing governmental administration in the second degree, and resisting arrest.

48. Defendant HARLOFF roughly and violently rear-handcuffed plaintiff, twisting his arms so that plaintiff cried out in pain.

49. Plaintiff was transported to the stationhouse of the 110th Precinct, and was eventually taken to Central Booking Queens.

50. At arraignment, plaintiff was charged only with obstructing governmental administration and resisting arrest, not with disorderly conduct.

51. Plaintiff received an adjournment in contemplation of dismissal on the two charges remaining against him.

52. All charges against plaintiff have been dismissed.

53. Plaintiff's New York City Police Department ID, pistol license and firearm were confiscated and not released until approximately November 27, 2018. Plaintiff retrieved the aforementioned items on or about December 3, 2018.

54. The aforementioned rough and violent handcuffing and twisting of his arms, inflicted upon plaintiff by defendants HARLOFF, MEO and FREDA, resulted in an

injury to his left rotator cuff that has required him to undergo treatment since the incident.

55. The individual defendants violated plaintiff's rights, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be free from the use of excessive force, to be arrested only with probable cause, and to due process of law, in that, acting under color of state law, they, without any cause or provocation whatsoever, roughly and violently grabbed him and handcuffed him on two separate occasions, and falsely arrested, him without probable cause therefor, for three counts of disorderly conduct, obstructing governmental administration and resisting arrest.

56. Because of the aforementioned acts and violations of his rights perpetrated by the individual defendants hereto, as described hereinabove, plaintiff suffered a deprivation of rights guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered severe and permanent physical injury, requiring extensive treatment; was publicly humiliated; and incurred medical expenses.

57. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto as described hereinabove, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and, in addition, demands an amount of punitive damages against the individual defendants, such amount to be determined at the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS HARLOFF,
## MEO, FREDA and
## <u>THE CITY OF NEW YORK</u>
## (Battery)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" hereinabove as if more fully set forth at length herein.

59. On or about August 25, 2017, at the premises located at 86-09 57th Road, County of Queens, City and State of New York, defendant HARLOFF, without any probable cause whatsoever, offensively touched plaintiff by intentionally and violently putting his hands on him and pushing him.

60. At the aforementioned time and place, defendants MEO and FREDA, without any probable cause whatsoever, offensively touched plaintiff by grabbing both of his arms, violently and tightly handcuffing him, and then, while he was rear-handcuffed, pulling him by both of his arms, pushing him against his neighbor's fence and house, and then bringing him down to the ground.

61. The aforementioned force used by defendants HARLOFF, MEO and FREDA was not reasonable under the circumstances.

62. At the aforementioned time and place, defendants HARLOFF, MEO and FREDA were acting within the scope of their employment by defendant CITY OF NEW YORK.

63. By reason of the aforementioned battery committed against him by defendants HARLOFF, MEO and FREDA, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered severe and

permanent physical injury, requiring extensive treatment; was publicly humiliated; and incurred expenses for medical treatment.

64. As a result of the battery committed against him by defendants HARLOFF, MEO and FREDA, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and, in addition, demands an amount of punitive damages against defendants HARLOFF, MEO and FREDA, such amount to be determined at the trial of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS HARLOFF, SHAFIDIYA
### and THE CITY OF NEW YORK
### (Battery)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" hereinabove as if more fully set forth at length herein.

66. On or about August 25, 2017, at New York-Presbyterian/Queens, a hospital located at 56-45 Main Street, Flushing, New York, defendant HARLOFF, acting pursuant to the direction of defendant SHAFIDIYA, without any probable cause whatsoever, offensively touched plaintiff by intentionally pulling plaintiff's arms in back of him, twisting them until plaintiff screamed out in pain, and then handcuffing plaintiff very tightly.

67. The aforementioned force used by defendant HARLOFF, while acting pursuant to the direction of defendant SHAFIDIYA, was not reasonable under the circumstances.

68. At the aforementioned time and place, defendants HARLOFF and SHAFIDIYA were acting within the scope of their employment by defendant CITY OF NEW YORK.

69. By reason of the aforementioned battery committed against him by defendant HARLOFF, pursuant to the direction of defendant SHAFIDIYA, while they were both acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered severe and permanent physical injury, requiring extensive treatment; was publicly humiliated; and incurred expenses for medical treatment.

70. As a result of the battery committed against him by defendant HARLOFF, pursuant to the direction of defendant SHAFIDIYA, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and, in addition, demands an amount of punitive damages against defendants HARLOFF and SHAFIDIYA, such amount to be determined at the trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS HARLOFF, SHAFIDIYA and THE CITY OF NEW YORK
(False Arrest and False Imprisonment)

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" hereinabove as if more fully set forth at length herein.

72. On or about August 25, 2017, at New York-Presbyterian/Queens, a hospital located at 56-45 Main Street, Flushing, New York, defendant HARLOFF, acting pursuant to the direction of defendant SHAFIDIYA, without probable cause therefor,

forcibly, wrongfully, unlawfully and illegally arrested plaintiff, and, against plaintiff's own free will, violently and tightly rear-handcuffed him.

73. Defendant HARLOFF, acting pursuant to the direction of defendant SHAFIDIYA, illegally, wrongfully, falsely, maliciously and unlawfully accused plaintiff of having committed the crimes of obstructing governmental administration and resisting arrest, and the offenses of three counts of disorderly conduct.

74. Plaintiff was illegally, wrongfully, falsely, maliciously and unlawfully kept in confinement at New York-Presbyterian/Queens, the stationhouse of the 110th Precinct and Queens Central Booking until he received an adjournment in contemplation of dismissal in Criminal Court of the City of New York, County of Queens, between 10:00 and 11:00 A.M. on August 26, 2017.

75. At the time they committed the aforementioned acts of false arrest and false imprisonment, defendants HARLOFF and SHAFIDIYA were acting within the scope of their employment by defendant CITY OF NEW YORK.

76. By the reason of the false arrest and false imprisonment committed against him by defendants HARLOFF and SHAFIDIYA, while they were acting within the scope of their employment of defendant CITY OF NEW YORK, plaintiff suffered a loss of his liberty, severe and permanent physical injury requiring extensive treatment, was publicly humiliated and incurred expenses for medical treatment.

77. As a result of the false arrest and false imprisonment committed against him by defendant HARLOFF, pursuant to the direction of defendant SHAFIDIYA, while they were each acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and, in addition, demands an amount of punitive damages against

defendants HARLOFF and SHAFIDIYA, such amount to be determined at the trial of this action.

WHEREFORE, plaintiff, PAULO VELASQUEZ, demands judgment against defendants, P.O. PATRICK HARLOFF, Shield No. 24029, P.O. DAVID MEO, Shield No. 14381, P.O. JONATHAN FREDA, Shield No. 00436, SERGEANT EUNICE SHAFIDIYA, Shield No. 4929 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants HARLOFF, MEO, FREDA;

THIRD CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants HARLOFF and SHAFIDIYA; and

FOURTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants HARLOFF and SHAFIDIYA.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       July 26, 2019

                                            ALAN D. LEVINE, ESQ.
                                            Attorney for Plaintiff
                                            80-02 Kew Gardens Road, Suite 307
                                            Kew Gardens, New York 11415
                                            (718) 793-6363
                                            Our File No. 2424